# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Plaintiff,

v.     Case No. 6:15-cv-1038-Orl-37GJK

ERICK FRANKLIN; YVES R. FRANKLIN; ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST; WESTON PARK HOMEOWNERS ASSOCIATION, INC.; ORANGE COUNTY, FLORIDA; JOHN DOE; and JANE DOE,

    Defendants.

## ORDER

This cause is before the Court on pro se Defendant Erick Franklin's Notice of Removal of State Case to Federal Court (Doc. 1) and his Motion to Consolidate or Enjoin [sic] State Case with Existing Federal Civil Rights Case Being Entered into as Additional Plaintiff (Doc. 3).

On June 24, 2015, after nearly seven years of litigation (*see* Doc. 4-1, pp. 1–4), Franklin removed this foreclosure action from state court, asserting federal-question jurisdiction and diversity jurisdiction. (Doc. 1, p. 2 (citing 28 U.S.C. §§ 1331, 1441(b)).) Plaintiff Deutsche Bank National Trust Co. appears to have filed the operative complaint on March 11, 2013 (Doc. 5, p. 1), and Franklin appears to have answered on

March 10, 2014 (Doc. 6, p. 8). The current status of the remaining Defendants is unclear. Contemporaneously with removal, Defendant moved to consolidate this action with *Ralicki v. Marion County., Fla.*, Case No. 5:15-cv-211-Oc-40PRL, which is a recently filed civil rights action pending before U.S. District Judge Paul G. Byron. (Doc. 3.)

First, upon review, the Court finds that this action does not share a common question of law or fact with *Ralicki v. Marion County, Fla.*; thus, the Court declines to consolidate the two actions. *See* Local Rule 1.04(c).

Second, after consideration, the Court concludes that it lacks subject-matter jurisdiction over this action.[1] Removal jurisdiction exists where a state-court claim could have been brought originally in federal court. 28 U.S.C. § 1441(a). In federal-question cases, district courts have original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. In diversity cases, district courts have original jurisdiction over actions in which the parties are completely diverse and the amount in controversy exceeds $75,000. *Id.* § 1332(a). The removing party bears the burden of establishing federal jurisdiction. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Franklin argues that the Court has federal-question jurisdiction because his counterclaims arise under federal law. (Doc. 2, p. 2.) This argument is flawed in several respects. Most pertinently, "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)

---

[1] Federal courts have a continuing, independent obligation to examine their own jurisdiction. *Am. Civil Liberties Union of Florida, Inc. v. Dixie County, Fla.*, 690 F.3d 1244, 1249 (11th Cir. 2012).

("[C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."). Moreover, even if counterclaims could establish federal-question jurisdiction, Franklin does not appear to have properly raised any counterclaims. Rather, he attempts to bring counterclaims, for the first time, in the memorandum supporting his notice of removal. (*See* Doc. 2, pp. 21–29.) However, under the Florida law that governed this action prior to removal, his counterclaims *must* have been raised in a "pleading," *see* Fla. R. Civ. P. 1.170(a), (b)—specifically, in his answer to Plaintiff's complaint, *see* Fla. R. Civ. P. 1.100(a). Further, even if counterclaims could support federal-question jurisdiction, and even if Franklin had properly asserted his federal counterclaims, he has not demonstrated that the other Defendants to this action consented to removal, as 28 U.S.C. § 1446(b)(2)(A) requires. In sum then, Franklin has failed to demonstrate the existence of federal-question jurisdiction.

As for diversity jurisdiction, complete diversity requires that the citizenship of each plaintiff be diverse from the citizenship of every defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Here, Franklin has not established the citizenship of any of the parties (*see* Docs. 1, 2), and thus he has not established that complete diversity exists.

In short, Defendant has failed to establish that the Court has federal-question or diversity jurisdiction over this action, and that failure does not appear to be curable.[2]

---

[2] Additionally, the Court notes that Franklin's removal is procedurally flawed, as it is woefully untimely. *See King v. GEICO*, 579 F. App'x 796, 800 (11th Cir. 2014) (confirming that "timeliness of removal is a procedural defect, not a jurisdictional one). Removal based on either federal-question or diversity jurisdiction must occur

> within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then

Accordingly, the Court finds that this action is due to be remanded to the state court.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Motion to Consolidate or Enjoin [sic] State Case with Existing Federal Civil Rights Case Being Entered into as Additional Plaintiff (Doc. 3) is **DENIED**.

2. This action is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.

3. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 21, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

---

been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Generously assuming that Franklin immediately responded to Plaintiff's operative complaint, Franklin should have removed within 30 days of filing his March 10, 2014 answer (Doc. 6, p. 8), meaning that his June 24, 2015 removal was over a year late. Additionally, removal based on diversity jurisdiction has a separate limitation: it cannot occur "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). As addressed above, this action appears to have commenced in 2008 (*see* Doc. 4-1, p. 4), meaning that Defendant's attempted diversity removal is untimely by approximately seven years. The Court is not persuaded by Franklin's contention that Plaintiff's conduct warrants equitable tolling. (*See, e.g.*, Doc. 1, pp. 2–3.)

Pro Se Party

Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida